## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**GARY MAY,** *et al.*

**PLAINTIFFS**

**v.**                    Case No.  2:21-cv-000014 KGB

**HARJIT S. SANDHU,** *et al.*

**DEFENDANTS**

## <u>ORDER</u>

Before the Court are the motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) of plaintiffs Gary May and Terry May and the joint motion for settlement conference of defendants Harjit S. Sandhu, T&J Trucking Service, Inc., and Diamond Transportation, Inc. (collectively "defendants") (Dkt. Nos. 29; 33).

In their motion, plaintiffs allege that defendants are responsible for injuries they received due to defendants' negligent conduct during a trucking incident that took place on March 17, 2021, on Interstate 40 in Crittenden County, Arkansas (*Id.*, ¶ 1).  Plaintiffs state that Terry May "had an additional and unexpected" third surgical procedure since the accident on October 14, 2021, "which he alleges to be related to the injuries he sustained in the accident." (*Id.*, ¶ 2).  Plaintiffs contend that their counsel has not received the medical bills and records from the third surgical procedure and, as a result, the case is not ready for trial, which is set currently for February 22, 2022 (*Id.*, ¶ 2).  Plaintiffs argue that it would be a waste of judicial time and resources to try their cases separately because both cases arise out of the same incident.  Plaintiffs request that their case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) because their case has not been dismissed previously (*Id.*, ¶¶ 3-4).

In the defendants' joint response in opposition to plaintiffs' motion for voluntary dismissal, defendants request that the Court either deny plaintiffs' motion to dismiss or dismiss the matter

with prejudice (Dkt. No. 30, at 4).  In the alternative, defendants ask that if the Court dismisses the case without prejudice it set the following conditions:  "1) that any deadlines that have passed in the Final Scheduling Order at the time of the filing of Plaintiffs' Motion be enforced and not extended or re-opened upon refiling by the Plaintiffs, specifically including Plaintiffs' deadline for disclosure of expert witnesses which has expired; 2) that Plaintiffs shall not be entitled to a second deposition of Defendant Sandhu; 3) that Plaintiffs shall not [be] allowed to reschedule the deposition of the former Diamond Transportation driver; and 4) that Defendants be awarded their costs, in defending this matter if it is refiled by Plaintiffs." (*Id*., at 4).

Plaintiffs reply to defendants' response and assert that they presented a proper explanation for their motion to dismiss voluntarily because defendants did not agree to an extension of the discovery deadline for plaintiffs' counsel to obtain Terry May's medical and billing records from his October 14, 2021, surgery prior to the discovery deadline thus necessitating the need for plaintiffs' motion for voluntary dismissal in order for counsel to ensure that he could obtain the records (Dkt. No. 31, at 5-7).  Plaintiffs state that they do not seek to re-depose defendant Sandhu and that voluntary dismissal will not prejudice defendants.  Plaintiffs assert that they listed the treating doctors as expert witnesses in their answers to interrogatories and that discovery had not closed when they filed their motion for voluntary dismissal.  Plaintiffs propose that if the Court grants their motion for voluntary dismissal that the Court could impose the following terms:  (1) that all previously answered discovery be used in the new lawsuit and that plaintiffs will reimburse defendants' costs for any duplicate work caused by refiling the matter; (2) that the Court reopen expert disclosures, limited in scope to only plaintiffs supplementing the opinions of the treating doctors disclosed in their Federal Rule of Civil Procedure 26(a)(1) disclosures and listed as experts in their answers to interrogatories; (3) that the parties be allowed to depose plaintiffs' treating

2

doctors; (4) that the parties be allowed to take the deposition of the former Diamond Transportation employee, Delancey Madkins, previously scheduled prior to the discovery cutoff deadline and prior to plaintiffs filing their motion to dismiss voluntarily; (5) that, upon refiling, any costs expended by defendants regarding transportation and scheduling of Mr. Madkins's deposition be reimbursed by plaintiffs' counsel with proof of expenditures incurred prior to the filing of plaintiffs' motion; (6) that the parties will not re-depose Gary May and Harjit Sandu; and (7) that the parties will be allowed any additional video recorded testimony of Terry May that defendants request via Zoom and at plaintiffs' expense (Dkt. No. 31, at 9-10).

After plaintiffs filed their reply, the parties filed a joint status report (Dkt. No. 32).  In the joint status report, defendants stated that they were willing to negotiate in good faith in a settlement conference, but plaintiffs stated that they preferred to wait for the Court to rule on their pending motion to dismiss voluntarily their case (*Id.*).  Defendants filed a joint motion for settlement conference requesting that the Court schedule a judicial settlement conference at the Court's earliest date (Dkt. No. 33).

Because defendants have served an answer to the complaint and amended complaint and the parties have conducted discovery, this action may be dismissed at plaintiffs' request "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Generally, "in the federal courts, after answer, dismissals without prejudice should be granted only 'if no other party will be prejudiced.'"  *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (quoting 9 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2362 (1971)).  "By 'prejudice' in this context is meant something other than the necessity that defendant might face of defending another action. That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action."  *Kern*, 738 F.2d at 970.

3

The Court grants plaintiffs' motion to dismiss with the following conditions:   (1) that the suit be refiled in this Court; and (2) that no further discovery occur in the case without prior leave of the Court.  The Court reserves ruling on any other discovery restrictions and on defendants' request for costs and fees until and if plaintiffs refile the case.  If plaintiffs refile in federal court and if the Court determines that the payment of costs and fees in an amount to be determined is required, then plaintiffs shall be required to pay the costs and fees in the designated amount before the second action is permitted to proceed.  *See* Fed. R. Civ. P. 41(d); *Kern*, 738 F.2d at 972.  If plaintiffs refile in state court, defendants may apply for this Court to enter judgment against plaintiffs for an appropriate amount of costs and fees.  *Kern*, 738 F.2d at 972.

Accordingly, subject to the conditions stated in this Order, the Court grants plaintiffs' motion and dismisses without prejudice plaintiffs' amended complaint (Dkt. No. 29).  The Court denies as moot defendants' joint motion for settlement conference (Dkt. No. 33).

It is so ordered this 19th day of January, 2022.

Kristine G. Baker
United States District Judge